FILED'07 JUL 03 14:55usdc-orm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES H. TAYLOR; et al.,                              Civil No. 06-3041-CL

       Plaintiffs,                    REPORT AND RECOMMENDATION

      v.

SANDRA COOKSEY,

       Defendant.

CLARKE, Magistrate Judge:

      Plaintiffs bring this action alleging intentional interference with inheritance

and constructive trust.  Plaintiffs seek damages, punitive damages, declaratory

relief and constructive trust, and costs.  This Court has jurisdiction pursuant to

28 U.S.C. § 1332.  Before the Court is defendant's motion to dismiss (#4),

converted into a motion for summary judgment (#13), which plaintiffs oppose.

For the reasons advanced below, the Court recommends that defendant's motion

be denied.

## I. **DISCUSSION**

      Defendant contends that this action fails to state a claim and should be

Report and Recommendations - 1

dismissed because plaintiffs' complaint is premised upon her actions vis-a-vis a trust allegedly created in Oregon in April 2003, which trust was revoked by a subsequently executed will and, therefore, there can be no damages flowing from creation of the trust as alleged by plaintiffs.  In support of her motion, defendant offers the Last Will and Testament of Thomas H. Taylor, and affidavits relating to its execution in January 2004.  Plaintiffs contend that their evidence shows that they possessed a prospective economic advantage through Thomas Taylor's prior estate planning, that defendant interfered with their prospective inheritance, and changes to Thomas Taylor's estate planning occurred after defendant inserted herself into the Taylors' lives.  They contend that their evidence is sufficient to raise genuine issues of material fact for trial on their claims of interference with inheritance.

Construing the facts in the light most favorable to the non-movant, the record reveals the following[1]:

Plaintiff James H. Taylor is a resident of Virginia.  Plaintiff Hitami Suzuta, also known as Laura Taylor, is a resident of Canada.  Defendant Cooksey is a resident of Arizona.  Plaintiff Taylor is the only natural child of Thomas Taylor and Linda Taylor.  Plaintiff Suzuta is the adopted daughter of Thomas Taylor and Linda Taylor.  Defendant Cooksey is the natural child of Linda Taylor.

Thomas and Linda Taylor lived in Coos County, Oregon, from the mid-

---

[1] Defendant states that she accepts complaint allegations as true for purposes of her motion, citing certain pleaded facts in her motion.

Report and Recommendations - 2

1960s until they moved to Grants Pass, Oregon, in the early 1990s.  Thomas and Linda Taylor acquired a ranch in Coos County and a residence in Grants Pass.

Thomas and Linda had prepared their wills to disinherit defendant Cooksey by providing that she would receive only a dollar and nothing else.

Sometime around 1991, after defendant Cooksey initiated contact with Thomas and Linda Taylor, Thomas and Linda changed their wills to designate defendant Cooksey as the personal representative of their estates, without explanation; until that time, plaintiffs understood from their parents that plaintiff Taylor was to be the personal representative.

On or about March 2003, Thomas Taylor created a revocable trust entitled the Thomas Taylor Living Trust, which designated defendant Cooksey as the sole beneficiary and excluded plaintiffs from the estate.

Subsequent to the creation of the Trust, Thomas Taylor's home was sold in January 2004.

A will was executed by Thomas Taylor in Arizona on January 29, 2004. The 2004 will revoked "any and all Trust(s) . . . ."  (Rote Decl. Ex. at 1.)  The 2004 will mentions both plaintiffs and provides for neither.

Thomas Taylor died on June 24, 2004.

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issues as to

any material fact . . . ." Fed. R. Civ. P. 56(c); Freeman v. Oakland Unified Sch.

Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence

or determine the truth but may only determine whether there is a genuine issue

of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). All

reasonable inferences are drawn in favor of the non-movant. Gibson v. County

of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002). However, the opposing party

must, by affidavit or as otherwise provided by Rule 56, designate specific facts

which show there is a genuine issue for trial.   Devereaux v. Abbey, 263 F.3d

1070, 1076 (9th Cir. 2001) (en banc).

A claim for intentional interference with inheritance is an extension of the

tort of intentional interference with economic relations. Hutchens v. Hutchens-

Collins, No. CV-04-281-ST, 2005 WL 1801670, at *4 (D. Or. June 28, 2005)

(citing Allen v. Hall, 328 Or. 276, 284-85 (1999)). To bring such a claim, plaintiff

must allege:

> "(1) the existence of a professional or business relationship (which
> could include, e.g., a contract or a prospective economic
> advantage), (2) intentional interference with that relationship, (3)
> by a third party, (4) accomplished through improper means or for
> an improper purposes, (5) a causal effect between the interference
> and damage to the economic relationship, and (6) damages."

Hutchens, 2005 WL 1801670, at *4 (quoting McGanty v. Staudenraus, 321 Or.

532, 535 (1995)). In Oregon,

> "Improper means" must be independently wrongful by reason of

Report and Recommendations - 4

> statutory or common law, beyond the mere fact of the injury
> complained of.  Improper means, for example, include "violence,
> threats, intimidation, deceit, misrepresentation, bribery, unfounded
> litigation, defamation and disparaging falsehood."  The use of
> undue influence also constitutes an "improper means," in that it
> involves the procurement of an unfair advantage.

Church v. Woods, 190 Or. App. 112, 118 (2003) (citations omitted).  When a

confidential relationship exists and is coupled with "suspicious circumstances," an

inference of undue influence arises.  Smith v. Ellison, 171 Or. App. 289, 294

(2000).  Suspicious circumstances, identified by the Oregon courts, include:

> (1) whether the recipient of the gift participated in arranging or
> executing the deeds, (2) whether the alleged victim of the
> influence received independent advice, (3) whether the
> conveyances were conducted in secrecy and with haste, (4)
> whether there was a change in the donor's attitude toward others,
> (5) whether the conveyance deviated from the donor's previous
> plans for disposing of the property, (6) whether the gift is unnatural
> and unjust, and finally (7) whether the donor is susceptible to
> influence.

Id.; In Re Reddaway's Estate, 214 Or. 410, 420-27 (1958).

The focus of defendant's motion is plaintiffs' complaint allegations relating

to the creation of a trust by decedent Thomas Taylor in 2003 which designated

defendant as the sole beneficiary and excluded plaintiffs from decedent's estate.

Defendant contends that, because the trust was revoked by the 2004 will, it was

not operative upon the death of Thomas Taylor, and it could not have been used

to plaintiffs' disadvantage.  She contends that plaintiffs' evidence does not

address the trust or the subsequent will and, therefore, it is not relevant and

does not generate any issues of fact.

Report and Recommendations - 5

The Court believes that defendant reads plaintiffs' complaint allegations too narrowly.  Under the notice pleading rules in federal court, pleading allegations must be liberally construed so as to effect substantial justice.  See Fed. R. Civ. P. 8; Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on another ground by Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127. S. Ct. 1955 (2007).  The crux of plaintiffs' complaint is defendant's alleged improper influence over the estate planning of Thomas and Linda Taylor.  Construing plaintiffs' complaint allegations as a whole, they allege the elements of intentional interference with inheritance generally.  In support of their claim, plaintiffs offer declarations in response to defendant's motion.  They also rely on defendant's evidence of the January 2004 will in support of their claim.  Plaintiffs offer evidence relating to their relationship with Thomas Taylor which includes an interest in the inheritance from Thomas Taylor, incidents of interference by defendant in the relationship, and the resulting changes in Thomas Taylor's estate planning including execution of the 2004 will, which affected the relationship.  (See J. Taylor Decl.; Z. Taylor Decl.; Rote Decl. and Ex.)  Construing this evidence in favor of plaintiffs, the evidence raises issues of fact as to the necessary elements of plaintiffs' claim of interference with prospective inheritance.

On this record, defendant's motion on the ground that plaintiffs fail to state a claim should be denied.

Defendant contends that, if the Court does not be dismiss this action on the first ground, the action should be dismissed and / or transferred to Arizona under 28 U.S.C. § 1404(a) because Oregon is an inconvenient forum. Defendant's argument is based on the circumstance that the trust created in 2003 was revoked by the will executed in Arizona in 2004 and, therefore, any actions giving rise to plaintiffs' claims would have occurred in Arizona where defendant lives. She asserts that there appears to be no contacts in Oregon which would justify retaining the action in Oregon.   Plaintiffs contend that it is more convenient for this action to be tried in Oregon because, as shown in the declaration of plaintiff James Taylor, the actions of defendant giving rise to plaintiffs' claims occurred in the state of Oregon well before Thomas Taylor executed a will in Arizona.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The plaintiff's choice of forum is given paramount consideration.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (and cases cited).  The party seeking the transfer has the burden of establishing that the transferee forum is clearly more convenient, and must show that the balance of interests weighs heavily in favor of the transfer.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278 (9th Cir. 1979); Fuller Bros., Inc. v. Int'l Mktg., Inc., 870 F. Supp. 299, 304

(D. Or. 1994).  Private interest factors which may be considered by the court include: ease of access to proof; availability of compulsory process; cost of obtaining attendance of witnesses; and other practical problems that make the trial easy, expeditious, and inexpensive.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  Public factors include: court congestion; local interest in having local controversies decided at home; interest in having a diversity case tried in a forum with the law of that forum governing the action; avoidance of problems in conflict of laws or in application of foreign law; and unfairness of burdening citizens in an unrelated forum with jury duty. Id.  The court may consider the parties' venue preferences and convenience of the witnesses.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  The court has broad discretion in weighing the factors for and against transfer. Savage, 611 F.2d at 279.  Forum non conveniens considerations of common law are helpful in deciding a § 1404(a) transfer motion.  Decker Coal, 805 F.2d at 843.  The court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum.  The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  Id. (citations omitted).  A transfer will not be ordered if the result is merely to shift the inconvenience from one party to another.  Id.

As shown above, plaintiffs' claim encompasses more than the circumstance of the execution of the will in Arizona in 2004.  In his declaration,

Report and Recommendations - 8

plaintiff James Taylor identifies incidents occurring in Oregon from 2001 after

defendant "made an appearance in my parent's lives after almost a thirty (30)

year absence," (J. Taylor Decl. ¶ 4), continuing until defendant moved to Arizona

in early 2004 and his father was moved to Arizona in approximately January

2004. He identifies several transfers by Thomas Taylor of real property located

in Oregon occurring in September 2003 and in January 2004; an attorney in

Grants Pass, Christopher D. Mecca, who was apparently involved in one transfer

of real property; and his father's doctor in Grants Pass at the time of these

events.

Considering the factors applicable to a motion to transfer, defendant has

not shown that Arizona is a more convenient forum than Oregon for the

consideration of this case. Defendant's motion to dismiss or transfer venue on

the ground of forum non conveniens should be denied.

## II. **RECOMMENDATION**

Based on the foregoing, it is recommended that defendant's motion to

dismiss (#4), converted into a motion for summary judgment, be denied.

*This recommendation is not an order that is immediately appealable to the*

*Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1),

Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment or appealable order. *Objections to this Report and*

*Recommendation, if any, are due by July 17, 2007. If objections are filed, any*

Report and Recommendations - 9

<u>responses to the objections are due 14 days after the objections are filed</u>.

Failure to timely file objections to any factual determinations of the Magistrate

Judge will be considered a waiver of a party's right to de novo consideration of

the factual issues and will constitute a waiver of a party's right to appellate

review of the findings of fact in an order or judgment entered pursuant to the

Magistrate Judge's recommendation.

DATED this _____ day of July, 2007

_____
Mark D. Clarke
United States Magistrate Judge

Report and Recommendations - 10